STROTHER (CRITTENDEN v.). See Case No. 3,394.

STROTHER (UNITED STATES v.). See Case No. 16,412.

STROTHER (WASHINGTON v.). See Case No. 17,233.

---

## Case No. 13,546a.

### STROUD v. HARRINGTON.

[1 Hempst. 117.] [1]

Superior Court, Territory of Arkansas. Jan., 1831.

PLEADING AT LAW—NON ASSUMPSIT—BURDEN OF PROOF—COMMON LAW—STATUTE.

1. At the common law, non-assumpsit put the plaintiff to the proof of all the material averments in the declaration, and where he relied on an indorsement, it was necessary for him to prove it.

2. By statute, the writing on which the suit is founded is receivable without proof of execution, unless the execution is denied on oath; but this does not embrace an indorsement where the suit is not founded on the indorsement, and in such case, without proof of execution, the plaintiff is not entitled to judgment.

[This was an action on a promissory note by Bartley Harrington against Adam Stroud.]

Before JOHNSON, ESKRIDGE, and CROSS, JJ.

JOHNSON, J. This is an action of assumpsit, brought by Harrington, assignee of Benjamin Clarke, against Stroud, in the Clark circuit court. The declaration is founded upon a promissory note, executed by Stroud to Benjamin Clarke, with his name indorsed thereon by a blank indorsement. Stroud plead the general issue of non-assumpsit, and neither party requiring a jury, the cause was, by consent, submitted to the court. No evidence was adduced on the trial to prove the indorsement of the note by "B. Clarke," the payee thereof, and on that ground the defendant moved the court to

enter a nonsuit against the plaintiff, which motion was overruled. The defendant then offered to introduce evidence to impeach the assignment or indorsement of the note; which motion was also overruled. A judgment was thereupon rendered for the plaintiff in the court below, for the amount specified in the note. The defendant moved the court for a new trial, which motion was overruled. From this judgment Stroud has appealed to this court. The only point we deem material to decide is, whether the court below erred in rendering a judgment without requiring proof of the indorsement of the note declared on, and in rejecting evidence to impeach the assignment. By the rules of pleading at common law, it is admitted that the plea of non-assumpsit denies all the material averments in the declaration, and puts the plaintiff to the proof of them; and that without proof of the indorsement, a recovery could not be had. But it is contended, that by our statute, the common law in this respect is changed; and that an indorsement of a note can only be denied by a plea verified by the oath of the party putting in the plea. Our statute is in the following words: "Whenever any suit shall be commenced in any court in this territory, founded on any writing, whether the same be under seal or not, the court before whom the same is depending shall receive such writing in evidence of the debt or duty for which it was given, and it shall not be lawful for the defendant in any such suit to deny the execution of such writing, unless it be by plea, supported by the affidavit of the party putting in such plea, which affidavit shall accompany the plea and be filed therewith at the time such plea is filed." Geyer, Dig. 250.

It is manifest that the indorsement of a note, unless the action is founded upon the indorsement against the indorser, is not embraced by the letter of the above-recited statute. It requires that a plea denying the execution of the writing upon which the suit is founded shall be accompanied by the oath of the party putting in such plea. What is meant by the execution of the writing? Unquestionably, the making, signing, and delivery of the note or bond. The indorsement constitutes no part of the execution of the note. Its only operation is to transfer it from one person to another after it has been duly executed. We are equally clear in the opinion that the indorsement of a note is not embraced by the spirit and intention of our statute, unless the action is founded on the indorsement against the indorser. The indorsers may be, and frequently are, strangers to the maker of the note, who cannot be presumed to know their handwriting. Suspicious circumstances may exist in relation to the assignment, and yet the maker is ignorant of the indorser's handwriting, and cannot safely deny it under oath. He is compelled to admit it, or swear to that of which he is ignorant. A doctrine

[1] [Reported by Samuel H. Hempstead, Esq.]

from which such consequences result cannot be admitted to be correct. The case of Mills v. Bank of U. S., 11 Wheat. [24 U. S.] 431, does not apply to the case before the court. Mills was sued as an indorser by the bank, and under a rule of court, in substance analogous to our statute, he was not permitted to deny his assignment unless he did so under oath. And we should not hesitate to apply the same rule under our statute. It was then erroneous, we think, to render judgment for the plaintiff in the court below, without proof of the indorsement of the note by Clarke, and on that ground the judgment must be reversed. Judgment reversed.